UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Sandra Brockhouse,<br><br>    Plaintiff,<br><br>vs.<br><br>Pentagroup Financial, LLC, *a foreign limited liability company*,<br><br>    Defendant. | CIVIL FILE NO: _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Sandra Brockhouse ("Brockhouse" or "Plaintiff") is a natural person residing in the County of Lincoln, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Pentagroup Financial, LLC ("PF" or "Defendant"), upon information and belief, is a foreign limited liability company that operates as a debt collection

agency from an address of 3065 Union Road, Orchard Park, New York 14127. PF is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Plaintiff allegedly incurred a financial obligation with CitiFinancial Inc., which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

7. The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

8. Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff sometime before September 2010.

9. On or about September 29, 2010, a debt collector named "Jackie," who was employed at all times relevant herein by PF, communicated with Plaintiff by telephone in an attempt to collect this debt from Plaintiff. This communication was a communication in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

10. Based upon information and belief, Jackie's full name is Jacquelyn Marie Abbinanti and she is a licensed debt collector in the State of Minnesota.

11. During this telephone conversation, Plaintiff told Jackie that she was represented by attorney, William C. Michelson, and she provided Jackie with her attorney's contact information.

12. During this telephone conversation, Jackie told Plaintiff that she worked for PF.

13. On or about September 30, 2010, Plaintiff received a second telephone call from a debt collector named "Annette," who was employed by PF at all times relevant herein, even though PF knew that Plaintiff was represented by an attorney.

14. Based upon information and belief, Annette's full name is Annette Marie Russo and she is a licensed debt collector in the State of Minnesota.

15. During this telephone conversation, Annette was communicating with Plaintiff in an attempt to collect this debt from Plaintiff.

16. PF violated 15 U.S.C. § 1692c(a)(2) of the FDCPA because PF communicated with Plaintiff when PF had actual knowledge that Plaintiff was represented by an attorney.

17. PF's conduct caused Plaintiff actual damages under the FDCPA in the form of emotional distress, fear, humiliation and anxiety from being harassed by PF.

18. Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses as a result of PF's acts and omissions.

*Respondeat Superior Liability*

19. The acts and omissions of Defendant's employees, who communicated with Plaintiff as more fully described herein, were committed within the time and space limits of their agency relationship with their principal, PF.

20. The acts and omissions by Defendant's employees were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by PF in collecting consumer debts.

21. By committing these acts and omissions against Plaintiff, Defendant's employees were motivated to benefit their principal, PF.

22. Defendant PF is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota tort law, in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

23. Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

24. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

25. The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 et. seq.

26. As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and

embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

27. As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

28. As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

### COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial; and
- For such other and further relief as may be just and proper.

Dated:  November 17, 2010.                **MARSO AND MICHELSON, P.A.**


By:   s/Patrick L. Hayes
       Patrick L. Hayes (0389869)
5

Attorneys for Plaintiff
3101 Irving Avenue South
Minneapolis, Minnesota 55408
Telephone: 612-821-4817
phayes@marsomichelson.com